

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. AP-76,236

### EX PARTE CARL WAYNE BUNTION, Applicant

### ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE NO. 588227-B IN THE 178TH JUDICIAL DISTRICT COURT HARRIS COUNTY

*Per Curium.*

## O P I N I O N

On January 24, 1991, a jury convicted applicant of the offense of capital murder. The jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure article 37.071, and the trial court, accordingly, set punishment at death. This Court affirmed applicant's conviction and sentence on direct appeal. *Buntion v. State*, No. AP-71,238 (Tex. Crim. App. May 31, 1995) (not designated for publication). Applicant filed his initial application for a writ of habeas corpus with the convicting court on October 21, 1996. The convicting court entered its findings and recommended denying relief on September 29,

2003. This Court adopted those findings and denied relief. *Ex parte Buntion*, WR -22,548-02 (Tex. Crim. App. Nov. 5, 2003).

In a single allegation in this subsequent application, applicant alleges that he is entitled to relief from his death sentence because he presented significant mitigating evidence related to his moral culpability and the appropriateness of a death sentence which could not have been given full effect by the sentencing jury. *See Penry v. Johnson ("Penry II")*, 532 U.S. 782 (2001). This Court has reviewed the application and determined that the it satisfies the requirements of Article 11.071 § 5.

At trial, defense counsel requested an instruction on mitigation in the form of a special issue that was denied. Ultimately, the jury received the following special issues:

> Was the conduct of the defendant, Carl Wayne Buntion, that caused the death of the deceased committed deliberately and with the reasonable expectation that the death of the deceased or another would result?
>
> Is there a probability that the defendant, Carl Wayne Buntion, would commit criminal acts of violence that would constitute a continuing threat to society?

The jury was also charged:

> You are instructed that when you deliberate on the questions posed in the special issues, you are to consider all relevant mitigating circumstances, if any, supported by the evidence presented in both phases of trial, whether presented by the State or the defendant. A mitigating circumstance may include, but is not limited to, any aspect of the defendant's character, background, record, or circumstances of the crime which you believe could make a death sentence inappropriate in this case. If you find that there are any mitigating circumstances in this case, you must decide how much weight they deserve, and thereafter, give effect and consideration to them in assessing the defendant's personal culpability, at the time you answer the special issue. If

you determine, when giving effect to the mitigation evidence, if any, that a life sentence, as reflected by a negative finding to the issue under consideration, rather than a death sentence, is an appropriate response to the personal culpability of the defendant, then a negative finding should be given to one of the special issues, regardless of what the jury found the answers to the special issue should be.

The nullification instruction given to applicant's jury is nearly identical to the instruction that was at issue in *Penry II*. *See Penry*, 532 U.S. at 790 ("If you determine, when giving effect to the mitigating evidence, if any, that a life sentence, as reflected by a negative finding to the issue under consideration, rather than a death sentence, is an appropriate response to the personal culpability of the defendant, a negative finding should be given to one of the special issues.").

The mitigating evidence presented by applicant is the sort of evidence that this Court has said is not encompassed within the previous statutory special issues. The jury was presented with evidence that applicant had a troubled childhood in a "very bad neighborhood," was severely physically mistreated by his alcoholic father, and ran away from home to work on a dairy farm for room and board because his family was very poor. Two psychologists testified that applicant suffered from "primary paranoid personality disorder," mild "brain dysfunction" or "neurological impairment," and depression. This evidence is that type of evidence for which the jury did not have a vehicle to give meaningful consideration. *See Ex parte Martinez*, 233 S.W.3d 319, 320 (Tex. Crim. App. 2007) (multiple hospitalizations in state psychiatric facilities, abuse of alcohol at a young age, troubled childhood); *see also Ex parte Moreno*, 245 S.W.3d 419, 422 (Tex. Crim. App. 2008)

(troubled childhood).

The nullification instruction given to applicant's jury was not a sufficient vehicle to allow jurors to give meaningful effect to the mitigating evidence presented by applicant. Because the mitigating evidence presented at applicant's trial is the type of evidence for which he was entitled to a separate vehicle for consideration, we remand the case to the trial court for a new punishment hearing.

Delivered: September 30, 2009
Do Not Publish